**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NYIESHIA MACLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No:** |
| **v.** | ) | |
| | ) | **Judge** |
| **TRAVON DONE #115, Individually,** | ) | |
| **and SAUK VILLAGE,** | ) | **Magistrate Judge** |
| **a Municipal Corporation,** | ) | |
| | ) | **Jury Demand** |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, NYIESHIA MACLIN, by and through her attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, TRAVON DONE #115, Individually, and the SAUK VILLAGE, as follows:

**COUNT I — 42 U.S.C. §1983 FALSE ARREST**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, NYIESHIA MACLIN, accomplished by acts and/or omissions of the Defendant TRAVON DONE #115, individually and officially, committed under color of law. Jurisdiction lies pursuant to 28 U.S.C. §1331, §1343, and supplemental jurisdiction under the State of Illinois.

2. Specifically, as a result of the egregious misconduct by the Defendant, the Plaintiff, NYIESHIA MACLIN, was wrongfully arrested, handcuffed and held for crimes she did not commit.

3. The Plaintiff, NYIESHIA MACLIN, at all times was a United States citizen and a resident of SAUK VILLAGE, Illinois.

4. The Defendant, TRAVON DONE #115, and at all relevant times was a Police Officer of Sauk Village, Illinois, acting within his scope of employment and under the color of law.

5. On December 7th, 2023, NYIESHIA MACLIN was driving Northbound on Yates near 223rd St. to pick up her six-year-old son from school.

6. NYIESHIA MACLIN was not committing any crimes or breaking any laws.

7. Plaintiff exited her vehicle to run across the street to get her son.

8. Officer TRAVON DONE made a turn and then put his lights on.

9. NYIESHIA MACLIN was ordered to return to her car because he said it was a traffic stop.

10. The Defendant Officer TRAVON DONE exited his car and started to physically manhandle her.

11. Plaintiff's two sons, who were 6 and 9, were traumatized as the officer attacked their mother.

12. Plaintiff's six-year-old son started hitting the defendant in an effort to protect his mother.

13. Plaintiff was handcuffed and taken to the Sauk Village Police Department.

14. NYIESHIA MACLIN was charged with resisting a police officer and traffic violation.

15. There were no facts that supported any criminal charge against her.

16. There were no facts to support any traffic charges.

17. The Plaintiff's car was impounded and towed.

18. As a result of the physical actions of the Defendant, NYIESHIA MACLIN was injured.

19. The Plaintiff sought medical treatment.

20. The actions of the Defendant were intentional, willful, and wanton.

21. Plaintiff had to obtain legal counsel.

22. As a direct and proximate consequence of said conduct of the Defendant, TRAVON DONE #115, the Plaintiff, NYIESHIA MACLIN, suffered violations of her constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, and damage to her reputation.

23. The actions of the Defendants violated Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, NYIESHIA MACLIN, prays for judgment in her favor and against the Defendant, TRAVON DONE #115, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT II – EXCESSIVE FORCE**

1-21. The Plaintiff hereby realleges and incorporates her allegations of paragraph 1-21 of Count I as her respective allegations of paragraphs 1-21 of Count II as though fully set forth herein.

22. The force used against the Plaintiff was unreasonable.

23. The force used against the Plaintiff was excessive.

24. As a direct proximate consequence of said conduct of the Defendant, TRAVON DONE #115, the Plaintiff, NYIESHIA MACLIN, suffered violations of her

constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, and damage to her reputation.

25. The actions of the Defendants violated Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, NYIESHIA MACLIN, prays for judgment in her favor and against the Defendant, TRAVON DONE #115, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT III MALICIOUS PROESCUTION**

1-21. The Plaintiff hereby realleges and incorporates her allegations of paragraph 2-22 of Count I as her respective allegations of paragraphs 1-21 of Count III as though fully set forth herein.

22. The Defendant proceeded with the prosecution of the charges knowing they were false.

23. The charges against the Plaintiff were resolved in her favor.

24. As a result of the actions of the defendant, the Plaintiff incurred lost wages and monetary damages and expenses.

WHEREFORE, the Plaintiff, NYIESHIA MACLIN, prays for judgment in her favor and against the Defendant, TRAVON DONE #115, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT IV – INDEMNIFICATION CLAIM / SAUK VILLAGE**

1-25. The Plaintiff, NYIESHIA MACLIN, realleges and incorporates her allegations of paragraphs 1 – 25 of Count I as her respective allegations of paragraphs 1 - 25 of Count II as though fully set forth herein.

26. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

27. Defendant, SAUK VILLAGE, is and/or was the employer of the Defendants, TRAVON DONE #115, who acted within the scope of his employment for the SAUK VILLAGE in committing the misconduct described herein.

28. If this individual Defendants is found liable, his respective employer will be liable to indemnify him for any compensatory damages and attorney fees and costs under § 1988.

WHEREFORE, should Defendant TRAVON DONE #115 be found liable for the acts alleged above, Defendant SAUK VILLAGE would be liable to pay the Plaintiff any judgment obtained against said Defendants.

**JURY DEMAND**

The Plaintiff, NYIESHIA MACLIN, hereby requests a trial by jury.

Respectfully submitted,
NYIESHIA MACLIN

/s/ Gregory E. Kulis
Gregory E. Kulis

Gregory E. Kulis (6180966)
Gregory E. Kulis & Associates, Ltd.
134 North LaSalle Street, Suite 444

Chicago, Illinois 60602
p. (312) 580-1830
e. service@kulislawltd.com